HARDAWAY APPLIANCE COMPANY *v.* STERLING STORES COMPANY, INC.

4-5866                                    138 S. W. 2d 369

Opinion delivered March 25, 1940.

---

*Partlow & Bradley,* for appellant.

*Zal B. Harrison,* for appellee.

HOLT, J.  Appellants appeal from a judgment in the Mississippi circuit court on a rental contract.

This suit was begun in the municipal court of the city of Blytheville, Arkansas, where appellants obtained a judgment.  On appeal to the circuit court, the cause was tried before the court sitting as a jury, and a judgment was rendered in favor of appellee.

Appellee, Sterling Stores Company, Inc., (plaintiff below) alleged in its complaint that it had entered into a lease contract with appellants whereby appellants had agreed to lease from appellee for the months of January and February, 1938, at a rental of $75 per month, a certain storeroom in the city of Blytheville, that appellants refused to carry out the terms of the lease agreement, and refused to occupy the leased property, in accordance with the terms of the lease, to appellee's damage in the amount of $100.

It further alleged that after appellants had refused to occupy the building, it succeeded in renting the property for the month of January for $50 for appellants' account.

Appellants denied every material allegation in the complaint.  The cause was submitted under an agreed statement of facts.

The alleged rental contract in question grew out of a number of letters that passed between the parties

to this litigation, and these letters are made a part of the stipulated facts.

The parties agree that the sole question for the determination of this court is whether under the agreed statement of facts the appellants are liable for the payment of the balance due as rent on said building for the months of January and February, 1938. We think they are.

The record reflects that during the year 1937 appellants occupied, under a rental contract, one-half of appellee's store building in the city of Blytheville and the Kirkindall's 5 & 10c Store occupied the other half. Appellee desired to continue the leases of appellants and the Kirkindall Store for the months of January and February, 1938, which would be two months beyond the expiration date of their leases on January 1, 1938.

We quote, from the letters, provisions that are material here:

Under date of October 14, 1937, appellee wrote appellants as follows: ''The Kirkindall's 5 & 10c Store would like to occupy their store room for at least one month, January, 1938, and we have advised them that we will agree to lease the building for two months, January and February, 1938, provided you are interested in remaining in the building for two months beyond the end of your agreement with us. Will you please let us know if you would like to occupy this building for January and February, 1938, at $75 per month.''

Appellants replied on October 19th as follows: ''We have your letter of the 14th in regard to our renting our location from you for two months after the first of the year. We would like to know when you plan to occupy the building as we may be interested in a proposition like you propose.''

On October 21st, appellee answered: ''Answering your letter of October 19th, you are advised that we would like possession of both rooms on March 1st in preparation of remodeling for our occupancy of both rooms. Therefore, we are interested in leasing for the

two months period to yourselves and Kirkindall's 5 & 10c Store, provided, of course, that both parties will agree to remain for this period.''

To this letter, appellants replied on October 25th: ''At the present we haven't leased another location. Business is so slow that the average merchant is doing well to make overhead at the present time. We are waiting until later at which time we feel that we can make a better trade as this fall in Blytheville will certainly change the landlord's attitude. At the present time we feel sure that we would like to occupy the building after the first of the year. You may go ahead and make your arrangements with Kirkindall and count on us.''

On October 27th in answer to this letter of October 25th, appellee wrote appellants as follows: ''We are assuming from your letter that you will remain in your present store room for the months of January and February at the present rental of $75 per month and that we will occupy this space beginning March 1st, at which time we will start remodeling.''

Nothing further was heard from appellants by appellee until January 4, 1938, when appellants in answer to a letter from appellee, dated January 3rd, expressing surprise on learning that appellants had vacated the property on January 1, 1938, said:

''We have your letter of the 3rd in regard to our moving from our old location. We notified the Thomas Land Co. and, of course, we were going to notify you just as quick as possible. Today we have just gotten the office straightened up.

''The location that we have turned up all of a sudden due to the fact that the Credit Companies closed out the other dealers' stock, you might say, over night. We had to take it quick and move quick.

''If you will refer to all the correspondence you will note that on October 21st you stated in your letter that ''we are interested in leasing for the two months period to yourselves and Kirkindall's 5 & 10c Store, provided,

of course, that both parties agree to remain for this period.'' We instructed that you make your arrangements with Kirkindall as we felt sure we would like to occupy the building. To date we haven't received notice from you that you had traded with Kirkindall, and we vacated the building according to our agreement with you in the summer.''

We are clearly of the view that when all of this correspondence is considered there was an offer by appellee to lease the property to appellants and acceptance by appellants, and there was such mutuality as to make it a binding and enforceable contract.

It will be noted that in the third letter that passed between the parties, that of October 21st, appellee said to appellants: ''We are interested in leasing for the two months period to yourselves and Kirkindall's 5 & 10c Store, provided, of course, that both parties will agree to remain for this period.'' Appellants in reply said: ''At the present time we feel sure that we would like to occupy the building after the first of the year. You may go ahead and make your arrangements with Kirkindall and count on us.'' In the next letter, dated October 27, 1937, appellee said to appellants: ''We are assuming from your letter that you will remain in your present store room for the months of January and February at the present rental of $75 per month, and that we will occupy this space beginning March 1st, at which time we will start remodeling.''

Notwithstanding appellants' statement to appellee, ''make your arrangements with Kirkindall and count on us,'' and appellee's statement in reply, ''We are assuming from your letter that you will remain in your present store room for the months of January and February at the present rental of $75,'' no further word was had from appellants by appellee until January 4th, 1938, after appellants had moved out of the building. Appellants' silence for more than two months estops them from denying the contract, and warranted appellee in assuming that appellants had accepted its terms.

We think the clear inference to be drawn from the correspondence is that appellants intended to rent the property, and so understood that they had such an agreement with appellee, and fully intended to remain in and occupy the property for the two months in question, had not "a location turned up all of a sudden," as expressed in their letter of January 4th, and which location they desired.

No error appearing in this record, the judgment is affirmed.